UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ESTATE OF NATALIE N. ROSS, ET AL.                                        PLAINTIFFS

V.                                              CIVIL ACTION NO. 3:22-CV-660-DPJ-FKB

THOMAS W. ELDRIDGE AND
XPO LOGISTICS FREIGHT                                                    DEFENDANTS

ORDER

This case, arising from a fatal automobile accident, is before the Court on Plaintiffs'

Motion to Remand [2].  Defendant XPO Logistics Freight (XPO) responded in opposition, and

Plaintiffs advised the Court that they do not intend to reply.  The Court, having considered the

submissions of the parties, finds that Plaintiffs' motion to remand [2] should be denied.

I.      Facts and Procedural History

On December 20, 2018, Natalie Ross's minivan collided with a tractor trailer owned by

XPO and driven by Thomas Eldridge.  Ross suffered injuries that led to her death, and the

passengers in the minivan also sustained significant injuries.  On January 9, 2020, Plaintiffs filed

this suit in the Circuit Court of Warren County, Mississippi, naming XPO and Eldridge as

defendants.  Summonses were issued for Eldridge and XPO, but Eldridge was never served.

Over the next two-plus years, the case proceeded in state court.  Approximately two

weeks before trial was to begin, counsel for XPO and Plaintiffs appeared in circuit court to argue

several motions.  Notice [1] at 2.  According to XPO,

> During arguments, Plaintiffs' counsel made representations to the circuit court
> that demonstrate Plaintiffs have abandoned their claims against Eldridge.  In this
> regard, in explaining to the circuit court that Plaintiffs' [sic] obtained discovery
> responses from XPO but not from Eldridge, Plaintiffs' counsel stated, "[W]e
> didn't sue Eldridge.  We have a suit against XPO."  Exh. B at 29.  Given the
> context—a hearing before the circuit court less than two weeks before the
> scheduled trial date—Plaintiffs' counsel's statement was an unequivocal and

voluntary representation to the court that Plaintiffs are not pursuing claims against
Eldridge and that Plaintiffs' claims are only against XPO.  On November 9, 2022,
XPO obtained a copy of the transcript of the hearing reflecting Plaintiffs'
abandonment of the claims against Eldridge, which is "other paper" under 28
U.S.C. § 1446(b)(3).

*Id.* at 2–3.  Based on Plaintiffs' abandonment of claims against Eldridge, XPO insists he is
improperly joined and diversity jurisdiction is satisfied.  It therefore removed the case on
November 11, 2022.

Plaintiffs immediately responded by filing a motion to remand arguing:  (1) XPO waived
its right to remove by filing a motion for summary judgment, setting multiple trial dates, and
engaging in significant discovery in state court; (2) XPO removed the case more than 1 year after
the date of commencement in violation of § 1446(c)(1); and (3) XPO removed the case more
than 30 days after it "should have determined" the case was removable by virtue of a March
2022 email from XPO's counsel.  Mem. [3] at 5.  As stated, XPO responded in opposition, and
Plaintiffs declined to file a reply.  The motion to remand is considered fully briefed, and the
Court is prepared to rule.

II.     Analysis

The notice of removal, motion to remand, and response tee up three issues for the Court
to consider:  (1) when the case became removable; (2) whether Plaintiffs acted in bad faith; and
(3) whether XPO waived its right to remove.

A.     When Did the Case Become Removable?

XPO basis its removal on diversity jurisdiction, which requires that the parties are
citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  It
is undisputed that diversity of citizenship was lacking at the time the suit was commenced.
Plaintiffs are citizens of Mississippi, Eldridge is a citizen of Mississippi, and XPO is a Delaware

corporation.  Compl. [1-1] at 2–3.  But XPO asserts that "Plaintiffs' abandonment of their claims against Eldridge is a voluntary act that allows XPO to remove this case based on improper joinder."  Notice [1] at 3.

Title 28 U.S.C. §1446(b)(3) contemplates this scenario—where a case that was not removable at commencement becomes removable.

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

"[T]he information supporting removal in a copy of an amended pleading, motion, order or other paper must be unequivocally clear and certain to start the time limit running . . . ." *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002) (internal quotation marks omitted).  The parties appear to agree that the "other paper" avenue is applicable here—though they disagree as to what the operative "other paper" was and, accordingly, when the 30-day clock began to run. 28 U.S.C. §1446(b)(3).

1.    March 25, 2022 Email

Plaintiffs filed suit on January 9, 2020, and summonses were issued for Eldridge and XPO that same day.  State Ct. R. [1-1] at 18–23.  XPO was served; Eldridge was not.  During trial preparation in 2022, "Plaintiffs' counsel received discovery from XPO which he felt was inadequate, with no discovery responses being received as to Eldridge."  Mem. [3] at 3. Plaintiffs' counsel emailed a "good faith" letter to counsel opposite highlighting the need "to provide adequate discovery responses."  *Id.*; *see* Uniform Civil Rules of Circuit and County Court Practice R. 4.03(C) ("No motion to compel shall be heard unless the moving party shall incorporate in the motion a certificate that movant has conferred in good faith with the opposing

3

attorney in an effort to resolve the dispute and has been unable to do so.").[1]  Counsel for XPO

responded:

> **From:** Steven Griffin [mailto:sgriffin@danielcoker.com]
> **Sent:** Friday, March 25, 2022 5:06 PM
> **To:** Phyllis Washington
> **Cc:** dennis.sweet@sweetandassociates.net
> **Subject:** RE: Ross, et al v. Eldridge, et al
>
> Your recent good faith letter pertains to interrogatories and requests for production purportedly served on Thomas Eldridge. However, Mr. Eldridge has never been served with process, has not entered an appearance in this case, and is not properly before the court.
>
> Thanks,
> Steven

Email [3-4] at 2.  According to the email exchange provided to the Court, Plaintiffs' counsel did

not reply.

Plaintiffs insist that this March 25, 2022 Email shows "XPO knew and asserted that

Eldridge was not a proper party in this action and that no claims could be maintained against

him."  Mem. [3] at 7.  Thus, they reason that XPO should have ascertained that the case had

become removable.  *Id.*

This argument is not compelling for two reasons.  First, the mere fact that Eldridge had

not been served did not render the case removeable.

> A non-resident defendant cannot remove an action if the citizenship of any co-
> defendant, joined by the plaintiff in good faith, destroys complete diversity,
> regardless of service or non-service upon the co-defendant.  Whenever federal
> jurisdiction in a removal case depends on the complete diversity, the existence of
> diversity is determined from the fact of citizenship of the parties named and not
> from the fact of service.

*New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) (remanding case to district

court with directions to remand case to state court and noting "Broussard's non-diverse

---

[1] Plaintiffs submitted a copy of the email exchange [3-4] but did not include a copy of the good-faith letter that was purportedly sent as an attachment.

citizenship cannot be ignored simply because he was an unserved defendant"). Second, "the 'other paper' conversion requires a *voluntary act by the plaintiff*." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (emphasis in original) (holding that affidavit created by defendant was not "other paper"). Here, while counsel for XPO pointed out that Eldridge had not been served, had not entered an appearance, and was not properly before the court, Plaintiffs were silent.[2] The March 25, 2002 email response by counsel for XPO does not constitute "other paper." 28 U.S.C. § 1446(b)(3).

> 2.       November 3, 2022 Court Appearance and Subsequent Transcript

On November 3, 2022, counsel for XPO and Plaintiffs appeared in circuit court for a hearing on XPO's motion for summary judgment. Mem. [3] at 3. In the context of discussing discovery responses, Plaintiffs' counsel stated: "I just want to—we didn't sue Eldridge. We have a suit against XPO. XPO answered discovery, Your Honor." Tr. [1-2] at 29.

Following this statement in court, XPO obtained the transcript and removed the case two days later. Resp. [5] at 2 (noting the transcript was received on November 9 and XPO removed the case on November 11). XPO insists this transcript memorializes Plaintiffs' expressed intention to abandon their claims against Eldridge and constitutes "other paper" triggering removal. *Id.* at 3; *see Ramirez v. Michelin N. Am., Inc.*, No. C-07-228, 2007 WL 2126635, at *3 (S.D. Tex. July 19, 2007) ("In order to demonstrate improper joinder based on 'voluntary abandonment' of a claim, there need not be a formal dismissal of the non-diverse party, but the defendant must show 'a definite or unequivocal expression of intent to discontinue the action against the resident party.'" (quoting *Naef v. Masonite Corp.*, 923 F. Supp. 1504, 1510 (S.D. Ala.

---

[2] Though not explored by the parties, at that point, Plaintiffs arguably could have requested additional time to serve Eldridge and attempted to press their claims against him.

1996)); *Rawlings v. Prater*, 981 F. Supp. 988, 989 (S.D. Miss. 1997) (agreeing that "the case became removable as soon as defendant received the documents evidencing plaintiff's unequivocal and unconditional voluntary abandonment of her claim" and that a formal dismissal "as a matter of record" is not required).  The Court agrees; XPO's removal complied with §1446(b)(3).[3]

       B.       Did Plaintiffs Act in Bad Faith?

       Title 28 U.S.C. § 1446(c)(1) states:  "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  XPO insists "Plaintiffs have exhibited bad faith by asserting claims against Eldridge with no intention of pursuing them."  Resp. [5] at 5. Specifically, Plaintiffs named Eldridge as a defendant and had a summons issued but never served him.  Plaintiffs insist they made "diligent efforts" to serve Eldridge, Mem. [3] at 6, but, as XPO points out, they have not offered any evidence to support that claim, Resp. [5] at 5.

       By contrast, XPO submitted an affidavit from Eldridge explaining that he has lived at the same address in Brandon, Mississippi, for over ten years.  Aff. [5-1] at 1.  He confirms that he never received a summons and complaint in this action but was served with a trial subpoena on November 13, 2022, directing him to appear at trial.  *Id.* at 1–2.  Eldridge attached a copy of the Trial Subpoena, issued by Plaintiffs' counsel, to his affidavit.  *Id.* at 3–4.  This evidence is unrebutted.

---

[3] XPO based both its Notice of Removal and its Response to Plaintiffs' Motion to Remand on this in-court statement.  Plaintiffs did not address the in-court statement in their Motion to Remand and did not file a reply, leaving XPO's characterization unchallenged.

While case law applying § 1446(c)(1)'s exception to the 1-year rule is somewhat scant, courts often look to "the way plaintiffs pursued the claims against the non-diverse defendant." *Robertson v. Respironics, Inc.*, No. 4:20-CV-174-DMB-JMV, 2021 WL 2179265, at *3 (N.D. Miss. May 28, 2021); *see Flores v. Intex Recreation Corp.*, No. 2:20-CV-73, 2020 WL 6385679, at *2 (S.D. Tex. July 2, 2020).   ("[T]he Fifth Circuit has not settled on a clear standard for determining 'bad faith' under § 1446(c).").   For example, in *Hoyt v. Lane Construction Corp.*, the Fifth Circuit affirmed a finding of bad faith where the plaintiffs pursued their claim against the non-diverse defendant "half-heartedly."  927 F.3d 287, 292 (5th Cir. 2019); *see Flores*, 2020 WL 6385679, at *3 (finding bad faith and noting plaintiffs "only half-heartedly" pursued their claim, including neglecting to seek default judgment for failure to answer).   And at least one district-court judge within the Fifth Circuit, in two separate cases, has found the plaintiff's failure to serve the non-diverse defendant with process, combined with a lack of effort to pursue a claim against the non-diverse defendant, supported a finding of bad faith.  *David-Lange v. Safeco Ins. Co. of Ind.*, No. 1:21-CV-080-C, 2021 WL 5278721, at *3–4 (N.D. Tex. June 9, 2021) (denying motion to remand and finding that the bad-faith exception applied); *Walters v. Ford Motor Co.*, No. 1:19-CV-040-C, 2019 WL 13194608, at *2 (N.D. Tex. May 15, 2019) (same).

Admittedly, there is not much evidence before the Court on Plaintiffs' bad faith.  It is, however, clear that Plaintiffs named Eldridge as a defendant but never served him (even when they took his deposition in February 2022).  They also made no effort to perfect service when they received the March 2022 email stating that he had never been served.  Then, on the eve of trial, Plaintiffs successfully accomplished service of a trial subpoena.  These facts suggest Plaintiffs considered Eldridge a witness but were not pursuing a claim against him.  In the end, Plaintiffs have presented no evidence of their "diligent efforts" and have offered no explanation

for their failure to serve Eldridge at commencement of the lawsuit or anytime thereafter.  Mem.
[3] at 6.  XPO has demonstrated bad faith.

      C.      Did XPO Waive its Right to Remove?

      The Fifth Circuit has stated that a defendant may waive its right to removal "by
proceeding to defend the action in state court or otherwise invoking the processes of that court."
*Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).  Plaintiffs contend XPO waived its
right to remove the case by availing itself of state court, to include filing a motion for summary
judgment, "setting multiple trial dates, and engaging in extensive pre-trial discovery."  Mem. [3]
at 5.

      But as XPO points out, "[a]ny actions taken in state court before it became ascertainable
that the case was removable cannot logically be indicative of a decision by the Defendants to
continue in state court rather than federal court."  *Fortenberry v. Prine*, No. 2:14-CV-56-KS-
MTP, 2014 WL 2993668, at *6 (S.D. Miss. July 2, 2014) (quoting *John H. Carney & Assocs. v.
State Farm Lloyds*, 376 F. Supp. 2d 697, 703 (N.D. Tex. 2005)); *see Orrill v. Mortg. Elec.
Registration Sys.*, *Inc.*, No. 06-10012, 2007 WL 756610, at *1 (E.D. La. Mar. 8, 2007) ("A
defendant does not waive its right to remove through actions taken before the case becomes
removable."); *see also* Resp. [5] at 9.  Indeed, § 1446 specifically anticipates cases which are not
removable at commencement but later become removeable, as well as cases that are properly
removed more than 1-year after filing, provided the plaintiff acted in bad faith.  It is illogical to
expect a state-court defendant in a non-removable case to sit on its hands in hopes that the case
becomes removable sometime later.[4]

---

[4] The Court has reviewed the cases Plaintiffs cite in support of this argument; none consider
waiver in a similar context.  *See Mims v. Deepwater Corrosion Servs., Inc.*, 90 F. Supp. 3d 679,
702 (S.D. Tex. 2015) (remanding case that was removeable at commencement where defendants

IV.    Conclusion

The Court has considered all arguments raised by the parties; those not addressed would not have changed the result.  For the reasons described, the Court finds Plaintiffs' motion to remand should be denied.

The parties are instructed to contact United States Magistrate Judge F. Keith Ball by November 29, 2023, to set an in-person case-management conference.  Because this case was on the verge of trial when removed, the case-management conference shall include a settlement conference; representatives from both parties with settlement authority shall attend.  In addition, there appears to be no need for further discovery or motion practice, so, unless Judge Ball concludes otherwise, the case should be expeditiously set for pretrial conference and trial.  Finally, Defendant Thomas W. Eldridge is hereby dismissed for failure to serve process.

**SO ORDERED AND ADJUDGED** this the 21st day of November, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

failed to remove within 30 days of service); *DT Apartment Grp, LP v. CWCapital, LLC*, No. 3:12-CV-437-D, 2012 WL 1555450 (N.D. Tex. May 3, 2012) (denying remand and rejecting argument that removing defendant waived its right of removal by intervening in state-court action prior to being added as a defendant); *Zbranek v. Hofheinz*, 727 F. Supp. 324, 325 (E.D. Tex. 1989) (remanding case and rejecting claim that "a copy of an annotation from ALR Fed." qualified as "other paper"); *see also Rosenthal v. Coates*, 148 U.S. 142 (1893) (affirming remand where removing party had "gone through the state trial and appellate courts" and "his rights have been finally declared by the supreme court of the state"); *Schell v. Food Machinery Corp.*, 87 F.2d 385, 389 (5th Cir. 1937) (concluding diversity of citizenship was lacking); *Yuzefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (reversing district court decision to remand noting "[t]he filing of a motion to dismiss in and of itself does not necessarily constitute a waiver of the defendant's right to proceed in the federal forum" (quoting *Hill v. State Farm Mut. Auto. Ins. Co.*, 72 F. Supp. 2d 1353, 1354 (M.D. Fla. 1999)).